# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMAS SILVA, | Case No. 1:14-cv-02011-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | THIRTY-DAY DEADLINE |
| HERRERA, et al., | |
| Defendants. | |

Plaintiff Tomas Silva ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on October 31, 2014. It was transferred to this Court on December 16, 2014. Plaintiff names Pleasant Valley State Prison ("PVSP") Captain Herrera, PVSP Mailroom employee Chavez and Does 1-10 as Defendants.[1]

**A.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on January 12, 2015.

1

1 § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.     SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at Corcoran State Prison in Corcoran, California. The events at issue occurred while Plaintiff was housed at PVSP.

Plaintiff alleges that since April 2014, his girlfriend has been sending him mail and photos while he was housed at PVSP. However, for six months, he has not received any mail. Plaintiff

///

contends that his girlfriend's ex-husband is a Correctional Officer at PVSP, and told her that he would take her mail and that Plaintiff would not get any of it.

Plaintiff has since moved to Corcoran State Prison, but he has still not received any mail from his girlfriend.

According to his attachments, Plaintiff began to appeal the issue in July 2014, complaining that he has not received his girlfriend's mail or notification from the prison that any mail was being withheld (CDCR 1819). The responses indicated that mail staff did not have any mail for Plaintiff, and if any mail was withheld, he would receive a CDCR 1819.

**C.    DISCUSSION**

   1.    Linkage Requirement

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Ashcroft v. Iqbal, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed under a theory of *respondeat superior*, and there must exist some causal connection between the conduct of each named defendant and the violation at issue. Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

Here, Plaintiff names Defendants Herrera and Chavez, but he fails to link either Defendant to any of the alleged violations. He does not explain how they were involved in the facts underlying his alleged First Amendment claim, and he therefore fails to state a claim against them.

   2.    First Amendment

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). Prison regulations relating to the regulation of incoming mail are analyzed under the Turner reasonableness standard set forth in Turner v. Safley, 482 U.S. 78, 89-91 (1987). Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989). The regulation is valid if it is reasonably related to legitimate penological interests. Turner, 482 U.S. at 89. In determining the

reasonableness of the regulation, court must consider the following factors: (1) whether there is a "valid, rational connection between the regulation and the legitimate government interest put forward to justify it," (2) "whether there are alternative means of exercising the right," (3) the impact that the "accommodation of the asserted constitutional right will have on guards and other inmates," and (4) "the absence of ready alternatives." Turner, 482 U.S. at 89-90.

Plaintiff alleges that his girlfriend's ex-husband, who worked at PVSP while Plaintiff was housed there, told her that he would take her mail addressed to Plaintiff, and that Plaintiff would not receive it. Based on this, Plaintiff believes that beginning in April 2014, the ex-husband has stolen incoming mail from his girlfriend. Plaintiff may be able to state a cognizable claim, but he must first provide the Court with sufficient facts to link each named Defendant to the alleged violations. Iqbal, 556 U.S. at 678. Any amended complaint must contain enough factual allegations to raise Plaintiff's claims beyond the speculative level. Should Plaintiff choose to amend, he must explain in reasonable detail how each Defendant violated his rights.

**D.     CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to file an amended complaint. Akhtar, 698 F.3d at 1212-13; Lopez, 203 F.3d at 1130.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere respondeat superior, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.     Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

  2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

  3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

  4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim</u>.

IT IS SO ORDERED.

 Dated: **May 28, 2015**      /s/ *Dennis L. Beck*
                UNITED STATES MAGISTRATE JUDGE

5